**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**EDWARD CAGER**                                        **CIVIL ACTION**

**VERSUS**                                                   **NO. 14-554**

**BOBBY JINDAL, et al.**                            **SECTION: "G"(3)**

### ORDER AND REASONS

Before the Court are Plaintiff Edward Cager's ("Plaintiff") objections[1] to the April 1, 2014,

Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Plaintiff,

a state prisoner sentenced to the custody of the Louisiana Department of Public Safety and

Corrections and confined to the B.B. "Sixty" Rayburn Correction Center ("RCC") filed a complaint

pursuant to 42 U.S.C. § 1983 alleging that Governor Bobby Jindal, Secretary James M. LeBlanc of

the Louisiana Department of Public Safety and Corrections ("DOC"), and Warden Robert Tanner

(collectively, "Defendants") are illegally imprisoning him at hard labor.[3] The Magistrate Judge

recommends that the Court dismiss with prejudice Plaintiff's complaint.[4] Plaintiff objects to the

Magistrate Judge's Report and Recommendation arguing that the Magistrate Judge erred in

recommending that the complaint be dismissed with prejudice as frivolous and that the Magistrate

Judge abused his discretion in denying Plaintiff's motion to appoint counsel.[5] After reviewing the

complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's objections, the record,

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 7.

[3] Rec. Doc. 1.

[4] Rec. Doc. 7.

[5] Rec. Doc. 8.

1

and the applicable law, for the following reasons, the Court will adopt in part the Magistrate Judge's Report and Recommendation, overrule Plaintiff's objections and dismiss this action with prejudice.

## I.  Background

### A.  *Factual Background*[6]

Plaintiff filed the instant complaint on March 12, 2014.[7] He alleges that he was convicted in 2010 of possession with intent to distribute heroin, possession with intent to distribute marijuana, distribution of heroin, illegal carrying of a weapon, contraband, convicted felon in possession of a firearm, and second degree murder.[8] He was sentenced as an habitual offender under Louisiana Revised Statute § 15:529.1 to twenty-two years imprisonment.[9] He argues that § 15:529.1 did not authorize imprisonment "at hard labor" until it was amended in 2010, after he was sentenced.[10] Therefore, he contends that Defendants are subjecting him to "involuntary servitude" in violation of the Thirteenth Amendment and have deprived him of a "state-created liberty interest" to avoid imprisonment at hard labor.[11] He additionally argues that Defendants' actions in retroactively applying the 2010 amendments to § 15:529.1 violated the federal Ex Post Facto Clause.[12]

On March 12, 2014, Plaintiff filed a "Motion for the Appointment of Counsel."[13] The

---

[6] The following background derives from Plaintiff's complaint, and the Court will consider allegations as true for the purposes of considering Plaintiff's objections.

[7] Rec. Doc. 1.

[8] *Id*. at 11.

[9] *Id*.

[10] *Id*. at 9.

[11] *Id*. at 5.

[12] *Id*.

[13] Rec. Doc. 4.

Magistrate Judge denied the motion on April 1, 2014, finding that appointment of counsel was not warranted.[14] On March 12, 2014, Plaintiff also filed a "Motion for Certification of the Class," arguing that the Court should grant class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.[15]

### B. Report and Recommendation Findings

On April 1, 2014, the Magistrate Judge recommended that Plaintiff's "Motion for Certification of the Class" be denied.[16] The Magistrate Judge found that the motion should be denied because *pro se* litigants should not allowed to serve as class representatives.[17]

The Magistrate Judge also recommended that Plaintiff's claims be dismissed as frivolous.[18] He found Plaintiff's Thirteenth Amendment claim was patently frivolous because requiring a prisoner to work, with or without pay, does not violate the Thirteenth Amendment regardless of whether or not the prisoner was sentenced to hard labor.[19] He also found Plaintiff's "state-created liberty interest" claim without merit, noting that "[r]equiring a prisoner to work while incarcerated

---

[14] Rec. Doc. 6 (citing *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

[15] Rec. Doc. 5.

[16] Rec. Doc. 8 at 2, 8.

[17] *Id.* at 2 (citing *Fymbo v. State Farm Fire & Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Powers v. Clay*, Civ. Action No. V-11-051, 2011 WL 6130929, at *3 (S.D. Tex. Dec. 8, 2011); *Wetzel v. Strain*, Civ. Action No. 09-7633, 2009 WL 5064445, at *1 (E.D. La. Dec. 16, 2009); *Luna v. Kliebert*, Civ. Action No. 09-3853, 2009 WL 2175773, at *1 n.1 (E.D. La. Jul. 17, 2009), aff'd, 368 F. App'x 500 (5th Cir. 2010); *Sosa v. Strain*, Civ. Action No. 06-9040, 2007 WL 1521441, at *7 (E.D. La. May 22, 2007)).

[18] *Id.* at 8.

[19] *Id.* at 4–5 (citing *Villarreal v. Morales*, 370 F. App'x 542, 543 (5th Cir. 2010); *Smith v. Dretke*, 157 F. App'x 747, 748 (5th Cir. 2005); *Walton v. Texas Department of Criminal Justice, Institutional Division*, 146 F. App'x 717, 718 (5th Cir. 2005); *Ali v. Johnson*, 259 F.3d 317 (5th Cir. 2001)).

is not an atypical and significant hardship different from the ordinary incidents of prison life."[20]

Finally, the Magistrate Judge found Plaintiff's *ex post facto* claim without merit.[21] He noted that the Louisiana First Circuit Court of Appeal rejected the argument that state law did not allow habitual offender sentences to be imposed at hard labor prior to the 2010 amendment.[22] Alternatively, he found that even if state law did not allow him to be imprisoned at hard labor, prison authorities may impose a work requirement under federal constitutional law.[23]

## II. Objections

### A.  Plaintiff's Objections

On April 16, 2014, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.[24] Plaintiff argues that  Louisiana Revised Statute § 15:529.1 created a liberty interest to avoid imprisonment at hard labor.[25] He asserts that the Magistrate Judge incorrectly applied the "atypical and hardship principle" set forth by the Supreme Court in *Sandin v. Conner*.[26] He argues that "atypical and hardship principle" applies only to minor liberty interests, while the

---

[20] *Id.* at 5 (citing  *Sandin v. Conner*, 515 U.S. 472 (1995); *Gill v. Texas Department of Criminal Justice*, No. 95-20723, 1996 WL 60544, at *2 (5th Cir. Jan. 23, 1996); *Ibarra v. Federal Bureau of Prisons*, Civ. Action No. 5:12-CV-139, 2013 WL 6065445, at *3 (N.D. Tex. Nov. 18, 2013); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997)).

[21] *Id.* at 6.

[22] *Id.* (citing *State v. Douglas*, 72 So.3d 392, 398–99 (La. App. 1st Cir. 2011)).

[23] *Id.* at 8 (citing *Ali v. Johnson*, 259 F.3d 317 (5th Cir. 2001); *Villarreal v. Morales*, 370 Fed. App'x 542, 544 (5th Cir. 2010)).

[24] Rec. Doc. 8.

[25] *Id.* at 1.

[26] *Id.* at 1–4.

issue presented in the instant case is a major liberty interest.[27] He cites Louisiana Revised Statute § 15:824(c), which provides, "Notwithstanding any other law to the contrary, only individuals actually sentenced to death or imprisonment at hard labor shall be committed to the Department of Corrections."[28] He argues that a person sentenced without hard labor shall not be committed to the Department of Corrections.[29] He contends that he could not be legally committed to imprisonment at hard labor because at the time he was sentenced Louisiana Revised Statute § 15:529.1 did not authorize imprisonment at hard labor.[30] He cites the United States Supreme Court decision *In re Mills*,[31] the Louisiana Supreme Court decision *State v. King*[32] and a Louisiana Attorney General opinion[33] to support his assertion that his sentence was illegal.[34] Accordingly, he asserts that Defendants do not have the authority to house Plaintiff within the custody of the Department of Corrections.[35]

---

[27] *Id.* at 4.

[28] *Id.* at 5.

[29] *Id.*

[30] *Id.*

[31] 135 U.S. 263 (1890). *In re Mills* discussed an Act of Congress, which established a United States court in the Indian Territory, and giving it exclusive jurisdiction of offenses "not punishable by death or by imprisonment at hard labor." *Id.*

[32] 969 So.2d 1228 (La. 2007) ("[A] defendant convicted of armed robbery and sentenced under the habitual offender law can be sentenced to an additional five years under LSA-R.S. 14:64.3 when the dangerous weapon used in commission of the armed robbery is a firearm.").

[33] La. Atty. Gen. Op. No. 80-1478 ("Since LSA R.S. 15:824(c) permits commitment to the Department of Corrections of only those individuals actually sentenced to death or confinement at hard labor, persons convicted of offenses for which imprisonment at hard labor cannot be imposed are not eligible for commitment to state institutions, (Department of Corrections).").

[34] Rec. Doc. 8 at 6.

[35] *Id.* at 7.

Plaintiff objects to the Magistrate Judge's finding that his *ex post facto* claim is without merit.[36] He argues that the Louisiana Second Circuit Court of Appeal decision *State v. Robinson*, which provide that a sentence enhanced under the habitual offender statute should be computed by referring to the underlying offense, was erroneously decided because the habitual offender statute modifies the sentencing provisions for the underlying offense.[37] He cites two Louisiana Supreme Court decisions holding that fines cannot be imposed under the habitual offender statute, arguing that this reasoning should apply to his case.[38] He also argues that the court in *Robinson* reasoned that the Louisiana Revised Statute § 15:529.1 is an addition to, rather than a replacement of, the conditions required by the sentencing provisions for the underlying offense.[39] He contends that this reasoning was erroneous because the habitual offender statute provides that the sentencing court shall impose a sentence under the habitual offender statute and vacate the previous sentence.[40] He argues that "[b]y instructing the judge to 'vacate' the previous sentence, the legislature intended for the penalty provisions under the habitual offender statute to effectively replace the penalty provision for the underlying felony."[41] Plaintiff asserts that his case is distinguishable from *Villarreal v. Morales* because the complaint there related to the illegality of the work imposed, while his complaint relates to the illegality of his custody.[42]

---

[36] *Id.*

[37] *Id.* at 7–8 (citing *State v. Robinson*, 54 So.2d 1292 (La. App. 2nd Cir. 2011)).

[38] *Id.* at 8 (citing *State v. Dixon*, 584 So.2d 668 (La. 1991); *State v. Dickerson*, 584 So.2d 1140 (La. 1991)).

[39] *Id.* at 9.

[40] *Id.*

[41] *Id.* at 10.

[42] *Id.* at 11–12 (citing 370 F. App'x at 544).

Finally, Plaintiff argues that the Magistrate Judge abused his discretion by denying his motion to appoint counsel.[43] Plaintiff argues that he is entitled to appointment of counsel because: (1) he has proved two constitutional violations; (2) the issues involved in this case affect more than 2,500 prisoners; (3) he is indigent and not legally trained; and (4) he sought assistance from several attorneys who showed no interest in the case.[44]

## B.  Defendants' Response

Defendants did not file a brief in opposition to Plaintiff's objections despite receiving electronic notice of the filing on April 16, 2014.

## III.  Standard of Review

### A. Review of the Magistrate Judge's Report and Recommendation

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend their disposition to the District Court Judge in accordance with the Magistrate Judge's findings of fact and determinations of law.[45] A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[46]  The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[47] However, a District Court's

---

[43] *Id.* at 12.

[44] *Id.* at 12.

[45] 28 U.S.C. § 636(b)(1)(B).

[46] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[47] Fed. R. Civ. P. 72(b)(3).

review is limited to plain error of parts of the report which are not properly objected to.[48]

### B. Standard for Frivolousness

A district court has broad discretion in determining the frivolous nature of a prisoner's complaint.[49] A complaint is frivolous if it lacks an arguable basis in law or fact.[50] A claim has no arguable basis in law if "it is based on an indisputably meritless legal theory."[51] It lacks a basis in fact if "the facts alleged are clearly baseless."[52] If a court finds that a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[53]

## IV.  Law and Analysis

### A.  Plaintiff's Liberty Interest Claim

Plaintiff objects to the Magistrate Judge's finding that his Fourteenth Amendment liberty interest claim is frivolous. Plaintiff argues that Louisiana Revised Statute § 15:529.1 created a liberty interest to avoid imprisonment at hard labor. He asserts that the Magistrate Judge incorrectly applied the "atypical and hardship principle" set forth by the Supreme Court in *Sandin v. Conner*, arguing that principle applies only to minor liberty interests while the issue presented in the instant case is a major liberty interest. Plaintiff's interpretation of the Supreme Court's decision in *Sandin v. Conner* is misplaced.

In *Sandin v. Conner* the Supreme Court held that a prisoner's liberty interest is generally

---

[48] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[49] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

[50] *Id.*

[51] *Id.*

[52] *Id.*

[53] *See* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c).

"limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[54] The Court did not distinguish between "major" and "minor" liberty interests, as Plaintiff contends. Instead, the Court distinguished between limitations to freedom of restraint which: (1) exceed the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force; or (2) impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.[55]

The Fifth Circuit has held that requiring an inmate to work is "not an atypical or significant hardship different from the ordinary incidents of prison life."[56] In his objections to the Report and Recommendation, Plaintiff appears to argue that his sentence was exceeded in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force. Plaintiff argues that Defendants do not have the authority to house Plaintiff within the custody of the Department of Corrections because at the time he was sentenced Louisiana Revised Statute § 15:529.1, the habitual offender statute,[57] did not authorize imprisonment at hard labor. He correctly notes that Louisiana Revised Statute § 15:824(c) provides, "Notwithstanding any other law to the contrary, only individuals actually sentenced to death or imprisonment at hard labor shall be committed to the

---

[54] *Sandin*, 515 U.S. at 483–84 (internal citations omitted).

[55] *See Wilkerson v. Goodwin*, — F.3d — (5th Cir. 2014), 2014 WL 7211168 *3 ("In *Sandin*, the Supreme Court held that, in addition to the obvious due process interests implicated by restrictions that lengthen a sentence, prisoners' liberty interests 'will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'").

[56] *Gill v. Texas Department of Criminal Justice*, No. 95-20723, 1996 WL 60544, at *2 (5th Cir. Jan. 23, 1996).

[57] LA. REV. STAT. § 15:529.1.

Department of Corrections."[58]  However, Plaintiff's argument that a sentence to imprisonment at hard labor was illegal under the prior version of habitual offender statute has been rejected by several Louisiana Courts of Appeal.[59] Further, in *State v. King*, a case cited by Plaintiff, the Louisiana Supreme Court affirmed a sentence of 198 years at hard labor under the prior version of the habitual offender statute.[60]

Based on the foregoing, the Court finds that Plaintiff's sentence was authorized by Louisiana law, and he has not shown any limitations to freedom of restraint which exceed the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force or impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Accordingly, on *de novo* review, the Court finds Plaintiff's claim arising under the Fourteenth Amendment is without merit and frivolous and must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), and 42 U.S.C. § 1997e(c).

### B.  Plaintiff's Ex Post Facto Claim

Plaintiff objects to the Magistrate Judge's finding that his *ex post facto* claim is without merit and frivolous. He argues that the Louisiana Second Circuit Court of Appeal decision *State v. Robinson* was erroneously decided. However, as discussed above, the Louisiana Supreme Court and Louisiana Courts of Appeal have affirmed sentences to imprisonment at hard labor under the prior version of habitual offender statute. Therefore, upon *de novo* review of the issue, the Court finds

---

[58] *Id.* at 5.

[59] *State v. Robinson*, 46-330 (La. App. 2d Cir. 2/18/11), 54 So.3d 1292 ("A sentence enhanced under the habitual offender statute is computed by referring to the underlying offense. . .the sentence conditions required by La. R.S. 15:529.1(G) are additions to, rather than replacements of, those conditions required by the sentencing provision for the underlying offense."). *See also State v. Thomas*, 11-136 (La. App. 5th Cir. 12/13/11), 81 So.3d 848; *State v. Douglas*, 10-2039 (La. App. 1st Cir. 7/26/11), 72 So.3d 392.

[60] 969 So.2d 1228 (La. 2007).

Plaintiff's *ex post facto* claim is without merit and frivolous and must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), and 42 U.S.C. § 1997e(c).

### C. Denial of Motion to Appoint Counsel

Plaintiff alleges that the  Magistrate Judge erred in failing to appoint him counsel. On April 1, 2014, the Magistrate Judge denied Plaintiff's Motion to Appoint Counsel, noting that the Report and Recommendation recommended that Plaintiff's complaint be dismissed as frivolous.[61] Access to courts is protected by the First Amendment right to petition for redress of grievances and the Fourteenth Amendment guarantees of procedural and substantive due process.[62] Prisoners retain their constitutional right to court access, and that access must be "adequate, effective, and meaningful."[63] "The fundamental constitutional right to access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."[64] This right can be satisfied either through appointed counsel, access to a law library, or access to legally trained paraprofessionals.[65] Plaintiff has made no showing that he was denied adequate, effective, and meaningful court access simply because he was not appointed counsel to represent him in this matter. In fact, Plaintiff has been provided court access as demonstrated here. This allegation alone does not rise to the level of a constitutional violation, and this allegation fails to state a claim upon which relief may be granted. Accordingly, upon *de novo* review of the Magistrate Judge's decision

---

[61] Rec. Doc. 6.

[62] *Jackson v. Procunier*, 789 F.2d 307, 309–10 (5th Cir.1986).

[63] *Bounds v. Smith*, 430 U.S. 817, 822 (1977).

[64] *Id.* at 828.

[65] *Id.* at 830–31.

in this matter the Court overrules Plaintiff's objection.

### D. Report and Recommendation Findings Not Objected To

The Magistrate Judge found Plaintiff's Thirteenth Amendment claim was patently frivolous because requiring a prisoner to work, with or without pay, does not violate the Thirteenth Amendment regardless of whether or not the prisoner was sentenced to hard labor.[66] Plaintiff does not object to this finding. Reviewing for plain error and finding none, the Court adopts the Magistrate Judge's finding that Plaintiff's Thirteenth Amendment claim is frivolous.

The Magistrate Judge also found that Plaintiff's "Motion for Certification of the Class" should be denied.[67] The Magistrate Judge cited several cases standing for the proposition that *pro se* litigants should not allowed to serve as class representatives.[68] Because the Court finds Plaintiff's claims are frivolous and should be dismissed, it will not adopt the Magistrate Judge's findings on this issue and will deny Plaintiff's "Motion for Certification of the Class" as moot.[69]

### V. Conclusion

For the foregoing reasons, the Court affirms the Magistrate Judge's Report and Recommendation in part. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

---

[66] Rec. Doc. 7 at 4–5 (citing *Villarreal*, 370 F. App'x at 543; *Smith*, 157 F. App'x at 748; *Walton*, 146 F. App'x at 718; *Ali*, 259 F.3d at 317).

[67] *Id.* at 2, 8.

[68] *Id.* at 2 (citing *Fymbo*, 213 F.3d at 1321 (10th Cir. 2000); *Powers v. Clay*, Civ. Action No. V-11-051, 2011 WL 6130929, at *3 (S.D. Tex. Dec. 8, 2011); *Wetzel v. Strain*, Civ. Action No. 09-7633, 2009 WL 5064445, at *1 (E.D. La. Dec. 16, 2009); *Luna v. Kliebert*, Civ. Action No. 09-3853, 2009 WL 2175773, at *1 n.1 (E.D. La. Jul. 17, 2009), aff'd, 368 F. App'x at 500; *Sosa v. Strain*, Civ. Action No. 06-9040, 2007 WL 1521441, at *7 (E.D. La. May 22, 2007)).

[69] *See Newton v. Stringfellow*, 93 F. App'x 615, 616 (5th Cir. 2004) ("Because the district court did not err in dismissing the plaintiffs' complaint for failure to state a claim, the district court did not err in denying the motion for class action maintainability as moot.").

**IT IS FURTHER ORDERED** that the Court adopts in part the Report and Recommendation issued by the Magistrate Judge;[70]

**IT IS FURTHER ORDERED** that "Motion for Certification of the Class" is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this __5th__ day of January, 2015.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[70] For the reasons discussed above, the Court does not adopt the portion of the Report and Recommendation related to Plaintiff's "Motion for Certification of the Class."

13